# U. S. DISTRICT COURT.

## In the matter of LOUIS ROSEY, bankrupt.

While a suit was pending against a party, and after the testimony was all in and the case submitted to the referee for decision, but before any decision is made, the party was declared a bankrupt. Soon after such bankruptcy, the referee decides the case in favor of the bankrupt, an application is now made to the register in charge to order the assignee of the bankrupt to pay the fees of the referee which have been incurred during the reference.

Application reported against by the register and acquiesced in by the parties.

*It seems* that it would be competent for the assignee to take up the report, at the expense of paying the fees of the referee, in case he should, in the exercise of a sound judgment, think it necessary in order to protect the estate from a renewal of the claim in question.

*Southern District of New York.*

AT chambers, 4 Warren street, in the city of New York, in said district, on this 3d day of January, 1872.

I, the undersigned register to whom it was referred, by the order of this court bearing date November 25th, 1871, to inquire on proofs and report whether Anthony Oechs, Esq., the assignee of the estate of the said bankrupt, ought to be authorized to pay Henry Nicol, Esq., the sum of $350 out of the funds belonging to the estate of the said bankrupt, for his fees as referee in an action, wherein Clarissa Davenport is plaintiff and the said bankrupt is defendant, now pending in the superior court of the city of New York, upon the execution by the said bankrupt of an assignment of his claim against the said Davenport for said referee's fees as a disbursement in the suit, and upon a stipulation executed by John B. Fogarty, Esq., the attorney for the said Rosey in the said action, to repay to the said assignee the said sum of $350 out of the first moneys paid by the plaintiff in said action, or

anyone in his behalf on account of the costs or disbursements in said suit, do hereby certify, that I have been attended by counsel for the said petitioner, the said assignee though duly notified not appearing, and that I have taken the proofs herewith submitted.

That it appears from said testimony, that the suit in question was commenced in January, 1868, and was referred to said referee in November, 1869. That testimony was taken from time to time before said referee up to August, 1871, when the same was submitted to said referee for decision.

That in the early part of November, 1871, the said referee gave notice that he had decided said action in favor of the defendant therein. The petition in bankruptcy was filed on the 14th day of August, 1871, and the assignee was confirmed on the 22d day of September, 1871.

There is nothing in the testimony that would indicate that the assignee has in any manner participated in or interfered with the case. Nor is it proven that any part of the services of the referee were rendered after the commencement of the proceedings in bankruptcy.

I don't see, therefore, how the assignee has rendered himself liable, as such assignee, for the claim in question.

It is clear that no sum can be paid in full out of the fund unless it be either a preferred debt or a debt incurred by the assignee in his official capacity for the benefit of the estate. No doubt, the court would imply a promise on the part of the assignee, to pay for beneficial services rendered to the estate after the commencement of the proceedings in bankruptcy, in case he should participate in the benefit of such services. But I don't see that the present case, can be brought within that catergory. The claim of the referee rests in contract between himself and the parties before him. The plaintiff in that action is no less liable for the fees of the referee than if the case had been decided in her favor, nor is the defendant any more liable than if the case had gone against him. It is a debt of the defendant in that action,

which, now that he is a bankrupt, may be proved against him in bankruptcy.

The receipt of a dividend in bankruptcy will not affect the validity of the claim of the referee upon the plaintiff in that action, for the balance due him, nor will it in anywise invalidate his lien upon any judgment that may be entered therefor.

I, therefore, recommend that an order be entered denying the prayer of the said petition, Respectfully submitted,

I. T. WILLIAMS, *Register in Bankruptcy.*

*Supplementary.*

At chambers, 4 Warren street, in the city of New York, in said district this 19th day of January, 1872.

I, the undersigned register in charge of the above entitled matter, do hereby certify, that since writing the foregoing certificate, I have been attended by counsel for the said petitioner, and have, at his request taken additional testimony which is herewith submitted, and have listened to further argument of said counsel upon said matter. That I am unable to see that the said additional testimony should change the conclusions to which I arrived in that certificate.

The argument, that the services of the referee redound to the benefit of the estate, in that, the report, if taken up by the assignee, for the purpose of docketing judgment against the plaintiff in that action, and thereby defeating any claim she may prove in bankruptcy arising out of the matter so in suit before said referee, would, no doubt be valid in case any necessity should arise for so doing. It would, perhaps, cost less to obtain the report by a payment of the fees due the referee and docket judgment, than it would cost to defeat the plaintiff's claim (should she prove it in bankruptcy) by evidence to be taken anew for that purpose before the register.

Without expressing any opinion as to what is or may become the duty of the assignee in that regard, it is, perhaps,

enough to say, that should he think it necessary to take up that report, and should ask upon the final passing of his accounts, to be allowed the sum he should so have paid, perhaps no ·creditor ought, and probably no creditor would, question the soundness of his discretion in adopting that course. The assignee is bound to nothing more than the best exercise of his judgment in the premises, and having exercised that, the creditors have only to blame themselves for electing him, should they think his judgment defective. Respectfully submitted,

I. T. WILLIAMS, *Register in Bankruptcy.*